UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

  Plaintiff,

-against-

ROBIN JAMES CONSTRUCTION, INC.,

  Defendant.

Civil Action No.: 06-97 *JJF)*

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY.**



FILED
MAR - 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## ANSWER

Defendant, Robin James Construction, Inc., by and through its counsel, Wilson, Halbrook and Bayard, Eric C. Howard, hereby responds to the numbered paragraphs of the Complaint herein as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

2. Admitted.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

### AS AND FOR THE FIRST CAUSE OF ACTION

5. Defendant hereby realleges paragraphs 1 through 4 hereof and incorporates them by reference herein.

6. Admitted that in 2002, Defendant informed The Insurance Market of its

anticipated business activities for the upcoming year and requested The Insurance Market, Inc. to obtain for it appropriate general liability insurance for the period identified for an appropriate premium.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

9. Denied that Defendant received notice of any audit results promptly at the conclusion of the alleged coverage period; Defendant lacks knowledge or information sufficient to form a belief as to the truth of the balance of this averment.

10. Denied as alleged; admitted that Defendant paid a premium of $13,753.00, which Defendant believed would be the premium for the year.

11. Denied as alleged; admitted that Defendant believed that Plaintiff had bound itself to provide general liability insurance in the amount stated on the policy.

12. Denied as alleged; admitted that Defendant paid the premium of $13,753.00.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

14. Denied that Defendant received notice of any audit results promptly at the conclusion of the coverage period; further denied that Plaintiff is entitled to an additional premium of $34,952.00.

15. Denied that Defendant received notice of any audit results promptly at the conclusion of the coverage period; admitted that at some point long after the

conclusion of the coverage period, Defendant received notice of an alleged additional premium owed.

16. Denied as alleged; admitted that Defendant has refused to pay any additional premium Plaintiff claims to be owed.

17. Denied.

18. Denied.

19. Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Defendant hereby realleges paragraphs 1 through 19 hereof and incorporates them by reference herein.

21. Admitted.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

23. Denied that Defendant received notice of any audit results promptly at the conclusion of the alleged coverage period; Defendant lacks knowledge or information sufficient to form a belief as to the truth of the balance of this averment.

24. Denied as alleged; admitted that Defendant paid a premium of $18,661.00, which Defendant believed would be the premium for the year.

25. Denied as alleged; admitted that Defendant believed that Plaintiff had bound itself to provide general liability insurance in the amount stated on the policy.

26. Denied as alleged; admitted that Defendant paid the premium of $18,661.00.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

28. Denied that Defendant received notice of any alleged audit results promptly at the conclusion of the coverage period; further denied that Plaintiff is entitled to an additional premium of $173,458.00.

29. Denied Defendant received notice of any audit results promptly at the conclusion of the coverage period; admitted that at some point after the conclusion of the coverage period, Defendant received notice of an alleged additional premium owed.

30. Denied as alleged; admitted that Defendant has refused to pay any additional premium Plaintiff claims to be owed.

31. Denied.

32. Denied.

33. Denied.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Defendant hereby realleges paragraphs 1 through 33 hereof and incorporates them by reference herein.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

38. Denied as alleged; admitted that Defendant paid a premium of $20,000.00.

39. Denied as alleged; admitted that Defendant believed that Plaintiff had bound itself to provide general liability insurance in the amount stated on the policy.

40. Denied as alleged; admitted that Defendant paid the premium of $20,000.00.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter alleged; admitted that at some point Defendant received a notice from Plaintiff stating that the policy was cancelled.

43. Admitted that at some point after the cancellation notice, Plaintiff claimed to have conducted an audit and sent Defendant a bill claiming that Defendant owed an additional premium of $17,727.00.

44. Denied that Defendant is obligated for such amount; admitted that at some point after the cancellation notice, Defendant received demand for payment.

45. Denied as alleged; admitted that Defendant has refused to pay any additional premium.

46. Denied.

47. Denied.

48. Denied.

### FIRST AFFIRMATIVE DEFENSE

49. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

- 6 -

50. The Complaint is barred by the applicable statue of limitations.

### THIRD AFFIRMATIVE DEFENSE

51. The Complaint is barred by the doctrine of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

52. The Complaint barred by the statue of frauds.

WHEREFORE, Defendant demands that judgment be entered in its favor and against Plaintiff on the basis of any or all of the defenses set out above, with all the costs of this action taxed to Plaintiff.

                WILSON, HALBROOK & BAYARD
                107 W. Market Street
                P.O. Box 690
                Georgetown, DE 19947
                (302) 856-0015

                By: _____
                Eric C. Howard #2066
                Attorneys for Plaintiff

Dated: 3/7/06

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that the undersigned caused to be mailed, by United States Mail, postage prepaid, two (2) true copies of the within **Answer to Complaint** to:

Richard D. Becker, Esquire
Becker & Becker
534 Greenhill Avenue
The Court at Wawaset Plaza
Wilmington, DE 19805

Lisa F. Joslin, Esquire
Deily, Mooney and Glastetter, LLP
Marine Insurance Company
8 Thurlow Terrace
Albany, New York 12203

on this 7th day of March, A.D. 2006.

_____
Eric C. Howard