UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  -against-<br><br>ROBIN JAMES CONSTRUCTION, INC.,<br><br>      Defendant. | **Civil Action No.: 06-97** |

### PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND PRODUCTION OF DOCUMENTS, AND FOR SANCTIONS

**NOW COMES** Plaintiff, National Fire and Marine Insurance Company (hereinafter "National Fire"), by and through its counsel Deily, Mooney and Glastetter, LLP, who hereby moves this Court, pursuant to Fed. R. Civ. P. 37(a)(2)(A) and 37(a)(2)(B), to compel Defendant Robin James Construction, Inc., to serve its initial disclosures and to produce requested documents, on the grounds that initial disclosures are 29 weeks overdue and discovery responses are 18 weeks overdue.

**WHEREFORE**, on the grounds more fully set forth in the Affidavit of Lisa F. Joslin, plaintiff National Fire requests that:

 a. The Court issue an Order compelling defendant to immediately serve its initial disclosures and discovery responses, or in the alternative an Order striking defendant's Answer and entering judgment in favor of plaintiff;

 b. The Court award plaintiff National Fire its reasonable expenses and attorneys' fees incurred in connection with this motion, and in connection with counsel's repeated telephone and written correspondence demanding disclosure and production of documents; and

 c. This Court grant any and all such other relief as it may deem just and proper.

741545

Dated: November 17, 2006

*signature*

Lisa E. Joslin, Esq. *(pro hac vice)*
Deily, Mooney and Glastetter, LLP
Attorneys for Plaintiff National Fire &
  Marine Insurance Company
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344


s/ Kristi J. Doughtry
_____
Kristi J. Doughtry, Esq. *(Local Counsel)*
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE INSURANCE )
COMPANY, )
)
) **Civil Action No.: 06-97**
Plaintiff, )
)
-against- )
)
ROBIN JAMES CONSTRUCTION, INC., )
)
Defendant. )

### AFFIDAVIT OF LISA F. JOSLIN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND PRODUCTION OF DOCUMENTS, AND FOR SANCTIONS

STATE OF NEW YORK )
) ss.:
COUNTY OF ALBANY )

**LISA F. JOSLIN, ESQ.**, being duly sworn, deposes and says:

1. I am associated with the law firm Deily, Mooney and Glastetter, LLP, attorneys for plaintiff National Fire & Marine Insurance Company (hereinafter "National Fire"). As such, I am fully familiar with the facts and circumstances of this matter.

2. I make this affidavit in support of plaintiff's motion for an Order pursuant to Fed. R. Civ. P. 37(a), compelling defendant Robin James Construction, Inc. to serve its initial disclosures as required by Fed. R. Civ. P. 26(a)(1), and to respond to Plaintiff's First Request for Production of Documents as required by Fed. R. Civ. P. 34(b). By this motion, plaintiff also

746778

seeks the imposition of appropriate sanctions as a result of defendant's blatant and willful refusal to participate in the discovery process.

3. Pursuant to the Court's Rule 16 Scheduling Order, dated April 12, 2006, defendant was required to serve its initial disclosures on or before upon plaintiff on April 17, 2006. To this date, defendant's disclosures have not been served. A copy of the Court's Rule 16 Scheduling Order is attached hereto as **Exhibit "A"**.

4. On or about April 17, 2006, plaintiff timely served counsel for defendant with initial disclosures.

5. On June 5, 2006, plaintiff served upon Eric Howard, Esq., attorney for defendant, Plaintiff's First Request for Production of Documents. Responses to the demands were due on or before July 5, 2006. A copy of Plaintiff's First Request for Production of Documents is attached hereto as **Exhibit "B"**.

6. Defendant has neither objected to these requests nor served any responses thereto.

7. Attached hereto as **Exhibit "C"** is a compilation of written correspondence between my office and Attorney Howard, revealing my repeated attempts to resolve this issue prior to seeking court intervention.

8. The documents attached as Exhibits "A" through "C" reveal the following chronology of events:

- Pursuant to the Court's scheduling order, initial disclosures were due on or before April 17, 2006;

- On May 23, 2006, I wrote to attorney Howard requesting that defendant's past due initial disclosures be forwarded immediately;

- On June 5, 2006, we served on defendant Plaintiff's First Request for Production of Documents;

- On June 5, 2006, I wrote to attorney Howard, via facsimile, requesting that he forward defendant's initial disclosures immediately;

- On July 6, 2006, I wrote to attorney Howard inquiring as to when he would be serving his responses to plaintiff's First Request for Production of Documents, which were then overdue;

- Per the Court's scheduling order, the parties were required to complete discovery on or before August 1, 2006;

- On September 18, 2006, per attorney Howard's request, I forwarded a second copy of plaintiff's demand for production of documents via electronic mail.

- On October 18, 2006, I wrote again to attorney Howard, demanding that defendant's discovery responses be served upon plaintiff, and warning that plaintiff would be forced to move for sanctions and for summary judgment.

9.  In addition to the above-referenced letters, my file notes and time records reflect several telephone calls to defense counsel, inquiring as to the status of his client's discovery responses. The following is a summary of the telephone calls made to defense counsel:

- On September 13, 2006, I spoke with attorney Howard and demanded that defendant serve its responses to discovery, and threatened a motion to compel production. Mr. Howard assured me that a motion would not be necessary and that the responses would be forthcoming.

- On September 18, 2006, I called attorney Howard regarding his client's failure to serve discovery responses, and failure to serve its initial disclosures. He advised me that he was unable to locate plaintiff's document requests, and asked that a second copy be forwarded via electronic mail. I forwarded a second copy of the demands immediately after our phone call ended.

- On September 26, 2006, I spoke with attorney Howard regarding his failure to respond to plaintiff's discovery demands. Mr. Howard stated that his client did not possess any documents responsive to the request but that he was meeting with his client's agent, Ned Fowler of the Insurance Market, and assured me that responses would be forwarded by end of business on Friday, September 29, 2006;

- On October 6, 2006, I left another voice mail message for attorney Howard demanding that responses be served promptly. Mr. Howard never returned this phone call.

10. Despite my repeated telephone calls and written correspondence, defendant has failed to serve its initial disclosures and its responses to plaintiff's document requests, due to what can be deemed nothing other than the defendant's willful and blatant refusal to participate in discovery. In fact, defendant has never ever propounded its own set of discovery demands, the time for which elapsed on August 1, 2006.

11. As reflected by the above correspondence, plaintiff has made repeated good faith attempts to resolve these issues prior to seeking court intervention. These efforts were unsuccessful. Enclosed herewith is the appropriate counsel certification of compliance.

12. A party may not properly remain silent, even if he regards a discovery demand as improper and/or objectionable (Advisory Committee's explanatory statement concerning amendment of the discovery rules, 48 F.R.D. 487, 542 [1970]). The party from whom discovery is sought is afforded, through Rule 26(c), a fair and effective procedure whereby he can challenge the request made (id). At the same time, total non-compliance imposes severe inconvenience or hardship to the discovering party and substantially delay the discovery process (id.).

13. Plaintiff properly brings this motion in accordance with Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure.

14. Attorney Howard's repeated failure to serve his client's initial disclosures, respond to plaintiff's discovery demands, and to otherwise participate in the discovery process violates 28 U.S.C. §1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

15. The willful and blatant refusal by defendant and its counsel to participate in the discovery process has impeded and delayed plaintiff's effective prosecution of this action, and warrants an imposition of sanctions against them.

16. Defendant should be compelled to serve immediately its disclosures and discovery responses. Further, insofar as defendant's failure or refusal to participate in discovery cannot under any circumstances be substantially justified, plaintiff is entitled to an award of sanctions, including but not limited to, its reasonable expenses and attorneys' fees incurred during plaintiff's repeated attempts to obtain disclosures and discovery responses, and in making this motion.

17. During plaintiff's repeated attempts to obtain disclosures and discovery responses, National Fire incurred attorneys' fees in the amount of $825.50. In the course of making this motion, National Fire incurred attorneys' fees in the amount of $2,371.00. The total fees incurred as a result of defendant's willful and blatant refusal to participate in discovery is $3,196.50.

18. Plaintiff National Fire hereby requests that the Court enter an Order: (1) compelling defendant to serve their initial disclosures and to respond to the plaintiff's First Request for Production of Documents; and (2) imposing appropriate sanctions based upon the defendant's continued and willful disregard for the discovery process.

19. Under these circumstances, appropriate sanctions include, but are not limited to: (1) striking defendant's answer and entering judgment in plaintiff's favor; (2) precluding defendant's evidence at the time of trial; and (3) imposing costs and attorneys' fees against defendant for repeated telephone and written correspondence with attorney Howard, and for the filing of this motion.

Dated: November 17, 2006

*(signature)*
Lisa F. Joslin, Esq. *(pro hac vice)*
Deily, Mooney and Glastetter, LLP
Attorneys for Plaintiff National Fire
 & Marine Insurance Company
8 Thurlow Terrace
Albany, New York 12203
Tel: (518) 436-0344

s/ Kristi J. Doughtry

Kristi J. Doughtry, Esq. *(Local Counsel)*
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617

Sworn to before me this
17th day of November, 2006

*(signature)*

SUSAN G. FRASIER
Notary Public, State of New York
No. 01FR6006421
Qualified in Fulton County
Commission Expires May 4, 2010

746778

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE INSURANCE
COMPANY,

                    Plaintiff,

-against-

ROBIN JAMES CONSTRUCTION, INC.,

                    Defendant.

**Civil Action No.: 06-97**

### CERTIFICATION OF COMPLIANCE
### WITH MEET AND CONFER REQUIREMENT

I, Lisa F. Joslin, Esq., state that I am the attorney for the moving party in this matter. Prior to filing this motion, I have attempted to confer in good faith with my opponent, attorney Eric Howard, to resolve this matter without the filing of this motion. In particular, I corresponded in writing with defense counsel on May 23, 2006, June 5, 2006, July 6, 2006, September 18, 2006 and October 19, 2006, and communicated by telephone with defense counsel on September 13, 2006, September 18, 2006, September 26, 2006 and October 6, 2006. I certify to the court that these facts are true under penalty of perjury, and if called as a witness to testify in this manner, I could and would competently testify to each of these facts.

Dated: November 17, 2006

                                            Lisa F. Joslin, Esq. *(pro hac vice)*
                                            Deily, Mooney and Glastetter, LLP
                                            Attorneys for Plaintiff National Fire &
                                                Marine Insurance Company
                                            8 Thurlow Terrace
                                            Albany, NY 12203
                                            Tel: (518) 436-0344

745969

s/ Kristi J. Doughtry

———————————————
**Kristi J. Doughtry, Esq. (*Local Counsel*)**
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617