UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> -against- <br><br> ROBIN JAMES CONSTRUCTION, INC., <br><br> Defendant. | **Civil Action No.: 06-97** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

                                                                       Lisa F. Joslin, Esq. *(pro hac vice)*
                                                                       Deily, Mooney and Glastetter, LLP
                                                                        Attorneys for Plaintiff National Fire &
                                                                           Marine Insurance Company
                                                                       8 Thurlow Terrace
                                                                       Albany, NY 12203
                                                                       Tel: (518) 436-0344

                                                                       Kristi J. Doughty, Esq. (*Local Counsel*)
                                                                       No. 3826
                                                                       Whittington & Aulgur
                                                                       Odessa Professional Park, Suite 110
                                                                       313 North Dupont Highway
                                                                       P.O. Box 617
                                                                       Odessa, DE 19730-0617

757825

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

SUMMARY OF ARGUMENT .....................................................................................................2

STATEMENT OF FACTS ............................................................................................................2

      A.      Policy No. 72LPE681493 ...........................................................................2

      B.      Policy No. 72LPE690418 ...........................................................................3

      C.      Policy No. 72LPE698115 ...........................................................................4

ARGUMENT .................................................................................................................................5

      I.      Summary Judgment Standard ...................................................................5

      II.      Plaintiff Has Established its Claims for Breach of Contract .....................6

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

Borthwick v. First Georgetown Securities, Inc., 892 F.2d 178, 181 [2d Cir. 1989].................... 5-6

Celotex v. Catrett, 477 U.S. 317, 325 (1986) ...................................................................................5

Goodman v. Mead Johnson & Co., 534 F.2d 566 [3d Cir. 1976]......................................................5

Knight v. U.S. Fire Insuance Co., 804 F.2d 9, 11 [2d Cir. 1986],
    cert den., 480 U.S. 932 (1987)]..................................................................................................6

Tomalewski v. State Farm Life Ins. Co., 494 F.2d 882 [3d Cir. 1974])...........................................5

VLIW Technology, LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 [Del. 2003].......................6

Williams v. West Chester, 891 F.2d 458, 460 [3d Cir. 1989] .........................................................5

**Statutes**

Fed. R. Civ. P. 56(c) ........................................................................................................................5

Fed. R. Civ. P. 56(e) ........................................................................................................................6

## INTRODUCTION

Plaintiff National Fire and Marine Insurance Company (hereinafter "National Fire"), by and through its counsel Deily, Mooney & Glastetter, LLP, hereby moves this Court, pursuant to Rule 56[c] of the Federal Rules of Civil Procedure, for an Order granting summary judgment of plaintiff's three (3) breach of contract claims in their entirety, and awarding plaintiff compensatory damages in the amount of $230,659.74, and such other and further relief as to the Court may seem just and proper.

Plaintiff commenced this breach of contract matter on February 13, 2006, with the filing and service of a Summons and Complaint, to remedy defendant's failure and refusal to pay outstanding insurance premiums due and owing under the terms of three (3) separate commercial general liability insurance policies (Joslin Aff. at ¶3; see Ex. "A" to Joslin Aff). Although defendant appeared in this matter by filing its Answer on March 9, 2006 (see Ex. "B" to Joslin Aff.), defendant has failed to otherwise participate in this proceeding (Joslin Aff. at ¶¶4 and 7).

Currently pending in this matter, is a motion to compel disclosure and for sanctions and attorneys fees, as a result of defendant's willful failure to serve its initial disclosures, respond to discovery demands and otherwise participate in discovery (Joslin Aff. at ¶7). Despite the pendency of the discovery motion, the instant motion for summary judgment is brought in order to comply with the Court's Rule 16 Scheduling Order, dated April 12, 2006 (Joslin Aff. at ¶¶5 and 8).

Plaintiff respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment. For the reasons set forth herein, and in the accompanying affidavits of Linda Burton ("Burton Aff.") and Lisa F. Joslin, Esq. ("Joslin Aff."), plaintiff's motion should be granted in its entirety.

## SUMMARY OF ARGUMENT

Defendant Robin James Construction, Inc. (hereinafter "Robin James" or "defendant") agreed to be bound by the terms and conditions of three (3) separate commercial general liability insurance policies provided by plaintiff National Fire, pertaining to the periods: September 26, 2002 through September 26, 2003; September 27, 2003 through September 26, 2004; and September 27, 2004 through September 26, 2005 (see Burton Aff., generally, and Ex. "A," "C" and "E" attached thereto). Among the terms contained therein, defendant agreed to pay an advance premium under each policy, and further agreed to pay any additional audit-indicated premiums determined at the conclusion of each coverage period (id.).

While defendant paid the advance premiums pertaining to each coverage period, it has failed and refused to pay each of the required audit-indicated premiums and corresponding surplus-lines tax. By its failure to do so, defendant has breached the terms of each of the three (3) insurance polices. As a result of defendant's breach, plaintiff has been damaged in the amount of $230,659.74.

## STATEMENT OF FACTS

A.  **Policy No. 72LPE681493**

In or around 2002, defendant Robin James contracted with The Insurance Market, Inc. (hereinafter "Insurance Market"), an insurance agent of defendant's selection, whereby Insurance Market agreed to obtain for defendant a general liability insurance policy for the period September 26, 2002 through September 26, 2003 (Burton Aff. at ¶4). Insurance Market in turn contacted Quaker Agency, Inc. (hereinafter "Quaker"), an authorized representative of National Fire, to obtain a general liability insurance policy for defendant (id. at ¶5). Thereafter, Quaker obtained a quote from National Fire for a policy for defendant (id. at ¶5).

The insurance premium for defendant's general liability policy was based on its estimate of variable rating information, including payroll and subcontractor expenses (Burton Aff. at ¶6). At the conclusion of the coverage period, an audit of defendant's records was to be conducted to determine the final amount of premiums due and owing under the policy (id.). Defendant agreed to be bound by National Fire's general liability insurance policy, and agreed to pay an advance premium in the amount of $13,753.00 (id. at 7). Defendant further agreed to pay any additional audit-indicated premiums determined at the conclusion of the coverage period (id.). In exchange for payment of these premiums, National Fire agreed to provide defendant with valid coverage (Burton Aff. at ¶8; see Policy No. 72LPE681493, attached as Ex. "A" to Burton Aff.). Coverage was provided by National Fire, as agreed.

After conclusion of the coverage period, a premium audit was conducted and resulted in additional premiums due National Fire in the amount of $34,952.00 (id. at ¶10; see Report of Audit, attached as Ex. "B" to Burton Aff.). Although defendant was notified of the audit results, it has refused to pay the additional audit-based premiums, and the corresponding surplus lines tax in the amount of $699.04 (Burton Aff. at ¶10).

**B.    Policy No. 72LPE690418**

In or around 2003, defendant sought to renew its National Fire general liability insurance policy for defendant's business for the period September 27, 2003 through September 27, 2004, and Insurance Market obtained from Quaker a quote for the renewal of its policy (Burton Aff. at ¶11). As with the initial policy, the insurance premium for the renewal of defendant's policy was based on its estimate of variable rating information, including payroll and subcontractor expenses (id. at ¶12). At the conclusion of the coverage period, an audit of the defendant's records was to be conducted to determine the final amount of premiums due and owing under the

3

policy (id.).

Defendant agreed to be bound by the renewed policy, No. 72LPE690418, and agreed to pay an advance premium in the amount of $18,661.00 (Burton Aff. at ¶13; see Ex. "C" to Burton Aff.). Defendant further agreed to pay any additional audit indicated premiums determined at the conclusion of the coverage period. In exchange for payment of these premiums, National Fire agreed to provide defendant with appropriate coverage (id.). Coverage was provided by National Fire, as agreed.

After the conclusion of the coverage period, a premium audit was conducted and resulted in additional premiums due National Fire in the amount of $173,458.00 (Burton Aff. at ¶15; see Report of Audit, attached thereto as Ex. "D"). While defendant was notified of the audit results, and of its obligation to remit payment in the amount of $173,458, it has refused to pay the additional audit-based premiums, and corresponding surplus lines tax in the amount of $3,469.16 (id.).

C.   **Policy No. 72LPE698115**

In or around 2004, defendant sought to renew its general liability insurance policy for defendant's business for the period September 27, 2004 through September 27, 2005, and Insurance Market obtained from Quaker a quote for the renewal of its policy (Burton Aff. at ¶16). As with its previous insurance policies, the premium for defendant's policy was based on its estimate of variable rating information, including payroll and subcontractor expenses (id. at ¶17). At the conclusion of the coverage period, an audit of the defendant's records was to be conducted to determine the final amount of premiums due and owing under the policy (id.).

Defendant agreed to be bound by the renewed policy, No. 72LPE698115, and agreed to pay an advance premium in the amount of $20,000 (Burton Aff. at ¶18; see Ex. "E"). Defendant

again agreed to pay additional audit indicated premiums determined at the conclusion of the coverage period (id.). In exchange for payment of these premiums, plaintiff agreed to provide defendant with appropriate coverage (id.). Coverage was provided by National Fire, as agreed.

Due to defendant's failure to pay the additional premiums due under Policy No. 72LPE690418, this policy was canceled effective November 30, 2004 (Burton Aff. at ¶20; see Ex. "F" thereto). A cancellation audit was conducted in January 2005, and resulted in additional premiums due National Fire in the amount of $17,727.00 (id.; see Ex. "G" to Burton Aff.). Although defendant was notified of the audit results, it has refused to pay the additional audit-based premiums, and corresponding surplus lines tax in the amount of $354.54 (Burton Aff. at ¶21).

## ARGUMENT

### I. Summary Judgment Standard

A motion for summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law (Fed. R. Civ. P. 56(c); Goodman v. Mead Johnson & Co., 534 F.2d 566 [3d Cir. 1976]; Tomalewski v. State Farm Life Ins. Co., 494 F.2d 882 [3d Cir. 1974]). If the trial court "determines from its examination of the allegations in the pleadings and any other evidentiary source available that no genuine issue as to a material fact remains for trial," Rule 56 permits the court to grant summary judgment (Goodman, supra at 573).

Although the standard is high, the burden remains on the nonmoving party to "adduce more than a mere scintilla of evidence in its favor . . ." (Williams v. West Chester, 891 F.2d 458, 460 [3d Cir. 1989] [citations omitted]). "The nonmoving party cannot simply reassert factually unsupported allegations contained in its pleadings . . ." (id. [citing Celotex v. Catrett, 477 U.S.

317, 325 (1986)]). Further, the non-moving party cannot "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts" (Borthwick v. First Georgetown Securities, Inc., 892 F.2d 178, 181 [2d Cir. 1989]), nor may it defeat the motion through "mere speculation or conjecture" (Knight v. U.S. Fire Insuance Co., 804 F.2d 9, 11 [2d Cir. 1986], cert den., 480 U.S. 932 (1987)]). Rather, the non-movant "must set forth specific facts showing that there is a genuine issue for trial" (Fed. R. Civ. P. 56(e)).

As is detailed below, National Fire has demonstrated clearly that defendant breached the terms of each of the three (3) insurance policies provided to Robin James during the relevant period. Defendant has not and cannot proffer any evidence sufficient to defeat any one of plaintiff's claims. Further, defendant's blatant refusal to participate in this case serves only to strengthen plaintiff's argument that there are no genuine issues for trial. Thus, plaintiff's motion for summary judgment should be granted in its entirety.

## II. Plaintiff Has Established its Claims for Breach of Contract

A plaintiff establishes its claim for breach of contract by demonstrating: (1) the existence of a contract; (2) the breach of an obligation imposed by that contract; and (3) resulting damages to the plaintiff (see e.g., VLIW Technology, LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 [Del. 2003]). National Fire demonstrates each of these elements.

First, defendant does not dispute the existence of any one of the above-referenced contracts. Defendant admits that it sought assistance from The Insurance Market in obtaining appropriate general liability insurance coverage for three (3) successive periods, that it paid the advance premiums for each of the three years in question, and that it agreed to be bound by the terms of the insurance policies provided (see Def's Answer, attached as Ex. "B" to Joslin Aff.).

Section IV of each of the policies pertains to "Commercial General Liability Conditions,"

and subpart IV.5., titled "Premium Audit," explains clearly that the advance premiums were "deposit premiums only," and that an audit would be conducted at the conclusion of each policy period to determine the amount of each "earned premium" (see each Commercial Policy, at p. 12, attached as Ex. "A," "C" and "E" to Burton Aff.). Accordingly, defendant cannot properly maintain that its advance premiums were the *only* premiums required to bind coverage. The policies are clearly written, and defendant agreed to be bound by them – for three successive years.

Any argument that defendant lacked knowledge of the audit-based premiums is belied by the fact that Robin James: (1) continued to seek assistance from the same agent year after year; (2) continued to obtain "audit-based" policies, despite receiving notice from plaintiff that additional premiums were due; and (3) continued to procure insurance coverage from National Fire. Defendant was well aware of its obligations under the contracts, yet failed to fulfill them.

Second, it is undisputed that defendant refused to remit payment to National Fire for any of the outstanding audit-indicated premiums, as required under the policy (see Burton Aff, generally; see Def's Answer, generally). By refusing to pay the final premiums, defendant breached the terms of each of the three insurance policies.

Third, plaintiff properly has calculated and demonstrated the total outstanding premium amounts due under each policy, along with the corresponding surplus lines tax due for each period. It is undisputed that National Fire conducted the premium audits in accordance with industry standards (Burton Aff. at ¶22; see each Report of Audit, attached thereto as Ex. "B," "D" and "G"). It is further undisputed that all credits due defendant were properly applied to its account balance (id.). Finally, it remains undisputed that, despite receiving notice of the amounts due National Fire, defendant has paid no part of the aggregate outstanding premiums sought in

this action (see Def's Answer, generally; Burton Aff. at ¶¶10, 15, 21 and 22). As a result of defendant's breach of the three (3) above-referenced contracts, plaintiff has been damaged in the amount of $230,659.74 (Burton Aff.).

## CONCLUSION

For the foregoing reasons, plaintiff National Fire's motion for summary judgment should be granted in its entirety, and plaintiff should be awarded compensatory damages in the amount of $230,659.74, and such other and further relief as to the Court may seem just and proper.

Dated: December 1, 2006

Respectfully submitted,

*[signature]*

Lisa F. Joslin, Esq. *(pro hac vice)*
Deily, Mooney and Glastetter, LLP
Attorneys for Plaintiff National Fire &
   Marine Insurance Company
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344


s/ Kristi J. Doughty

Kristi J. Doughty, Esq. (*Local Counsel*)
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617