UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | ) ) | |
| | ) | **Civil Action No.: 06-97** |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| ROBIN JAMES CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RENEWED MOTION FOR SANCTIONS

Plaintiff National Fire and Marine Insurance Company (hereinafter "National Fire"), by and through its counsel Deily, Mooney and Glastetter, LLP, hereby moves this Court, pursuant to Fed. R. Civ. P. 37(b)(2), for an award of sanctions against defendant Robin James Construction, for its failure to comply with the Court's Order, dated January 4, 2007, directing defendant to file initial disclosures and discovery responses by January 12, 2007.

**WHEREFORE**, on the grounds more fully set forth in the Affidavit of Lisa F. Joslin, plaintiff National Fire requests that:

a.    The Court award plaintiff National Fire its reasonable expenses and attorneys' fees, in the amount of $4,613.00, which were incurred in connection with:

(1)    the previously filed motion to compel disclosures;
(2)    the instant motion for sanctions; and
(3)    counsel's repeated telephone and written correspondence demanding disclosure and production of documents;

and

b.    This Court grant any and all such other relief as it may deem just and proper.

Dated: February _6_ , 2007

Lisa F. Joslin, Esq. *(pro hac vice)*
Deily, Mooney and Glastetter, LLP
Attorneys for Plaintiff National Fire &
   Marine Insurance Company
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344

Kristi J. Doughty, Esq. *(Local Counsel)*
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617

781466

2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE INSURANCE )
COMPANY, )
 )
 )    **Civil Action No.: 06-97**
Plaintiff, )
 )
-against- )
 )
ROBIN JAMES CONSTRUCTION, INC., )
 )
Defendant. )

## AFFIDAVIT OF LISA F. JOSLIN IN SUPPORT OF
## RENEWED MOTION FOR SANCTIONS

**LISA F. JOSLIN, ESQ.**, being duly sworn, deposes and states:

1.    I am associated with the law firm Deily, Mooney and Glastetter, LLP, attorneys for plaintiff National Fire & Marine Insurance Company (hereinafter "National Fire"). As such, I am fully familiar with the facts and circumstances of this matter.

2.    I make this affidavit in support of plaintiff's motion for the imposition of appropriate sanctions against defendant Robin James construction, Inc. (hereinafter "defendant") as a result of defendant's blatant and willful refusal to participate in the discovery process, and for its refusal to comply with the Court's Order, dated January 4, 2007, directing defendant to file its initial disclosures and discovery responses by January 12, 2007.

3.    Pursuant to the Court's Rule 16 Scheduling Order, dated April 12, 2006, defendant was required to serve its initial disclosures upon plaintiff on or before April 17, 2006. To this date, defendant's disclosures have not been served. A copy of the Court's Rule 16 Scheduling Order is attached hereto as **Exhibit "A".**

4.    On or about April 17, 2006, plaintiff timely served counsel for defendant with

initial disclosures.

5.      On June 5, 2006, plaintiff served upon Eric Howard, Esq., attorney for defendant,

Plaintiff's First Request for Production of Documents. Responses to the demands were due on or

before July 5, 2006. A copy of Plaintiff's First Request for Production of Documents is attached

hereto as **Exhibit "B"**.

6.      Defendant has neither objected to these requests nor served any responses thereto.

7.      Attached hereto as **Exhibit "C"** is a compilation of written correspondence

between my office and Attorney Howard, revealing my repeated attempts to resolve this issue

prior to seeking court intervention.

8.      The documents attached  as Exhibits "A" through "C" reveal the following

chronology of events:

- Pursuant to the Court's scheduling order, initial disclosures were due on or before April 17, 2006;

- On May 23, 2006, I wrote to attorney Howard requesting that defendant's past due initial disclosures be forwarded immediately;

- On June 5, 2006, we served on defendant Plaintiff's First Request for Production of Documents;

- On June 5, 2006, I wrote to attorney Howard, via facsimile, requesting that he forward defendant's initial disclosures immediately;

- On July 6, 2006, I wrote to attorney Howard inquiring as to when he would be serving his responses to plaintiff's First Request for Production of Documents, which were then overdue;

- Per the Court's scheduling order, the parties were required to complete discovery on or before August 1, 2006;

- On September 18, 2006, per attorney Howard's request, I forwarded a second copy of plaintiff's demand for production of documents via electronic mail.

- On October 18, 2006, I wrote again to attorney Howard, demanding that defendant's discovery responses be served upon plaintiff, and warning that

plaintiff would be forced to move for sanctions and for summary judgment.

9.      In addition to the above-referenced letters, my file notes and time records reflect several telephone calls to defense counsel, inquiring as to the status of his client's discovery responses. The following is a summary of the telephone calls made to defense counsel:

- On September 13, 2006, I spoke with attorney Howard and demanded that defendant serve its responses to discovery, and threatened a motion to compel production. Mr. Howard assured me that a motion would not be necessary and that the responses would be forthcoming.

- On September 18, 2006, I called attorney Howard regarding his client's failure to serve discovery responses, and failure to serve its initial disclosures. He advised me that he was unable to locate plaintiff's document requests, and asked that a second copy be forwarded via electronic mail. I forwarded a second copy of the demands immediately after our phone call ended.

- On September 26, 2006, I spoke with attorney Howard regarding his failure to respond to plaintiff's discovery demands. Mr. Howard stated that his client did not possess any documents responsive to the request but that he was meeting with his client's agent, Ned Fowler of the Insurance Market, and assured me that responses would be forwarded by end of business on Friday, September 29, 2006;

- On October 6, 2006, I left another voice mail message for attorney Howard demanding that responses be served promptly. Mr. Howard never returned this phone call.

10.     Despite my repeated telephone calls and written correspondence, defendant failed to serve its initial disclosures and its responses to plaintiff's document requests, due to what can be deemed nothing other than the defendant's willful and blatant refusal to participate in discovery. In fact, defendant has never ever propounded its own set of discovery demands, the time for which elapsed on August 1, 2006.

11.     As reflected by the above correspondence, plaintiff has made repeated good faith attempts to resolve these issues prior to seeking court intervention. These efforts were unsuccessful. Enclosed herewith is the appropriate counsel certification of compliance.

12.    A party may not properly remain silent, even if he regards a discovery demand as improper and/or objectionable (Advisory Committee's explanatory statement concerning amendment of the discovery rules, 48 F.R.D. 487, 542 [1970]). The party from whom discovery is sought is afforded, through Rule 26(c), a fair and effective procedure whereby he can challenge the request made (id). At the same time, total non-compliance imposes severe inconvenience or hardship to the discovering party and substantially delay the discovery process (id.).

13.    On November 17, 2006, plaintiff filed a Motion to Compel Disclosure and Production of Documents and for Sanctions, requesting an Order compelling defendant to serve its initial disclosures and respond to Plaintiff's First Request for Production of Documents.    By Order dated January 4, 2007, the Court directed defendant to file its initial disclosures and discovery responses **"by 4:30 p.m. on Friday, January 12, 2007"** (see January 4, 2007 Order, emphasis in original).

14.    To this date, defendant still has not served its initial disclosures or its discovery responses, in blatant violation of the Court's Order.

15.    Plaintiff properly brings this motion in accordance with Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure.

16.    Attorney Howard's repeated failure to serve his client's initial disclosures, respond to plaintiff's discovery demands, to otherwise participate in the discovery process, and to comply with this Court's Order, violates 28 U.S.C. §1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

17.    The willful and blatant refusal by defendant and its counsel to participate in the discovery process has impeded and delayed plaintiff's effective prosecution of this action, and warrants an imposition of sanctions against them.

18.    Because defendant's refusal to participate in discovery, and refusal to comply with the Court's discovery Order, cannot under any circumstances be substantially justified, plaintiff is entitled to an award of sanctions, including but not limited to, its reasonable expenses and attorneys' fees incurred during plaintiff's repeated attempts to obtain disclosures and discovery responses, in making the previously filed motion to compel discovery, and in making the instant motion.

19.    During plaintiff's repeated attempts to obtain disclosures and discovery responses, National Fire incurred attorneys' fees in the amount of $825.50. In the course of making the previously filed motion to compel discovery, National Fire incurred attorneys' fees in the amount of $2,371.00. In the course of making the instant motion for sanctions, plaintiff incurred attorneys' fees in the amount of $ $860.00. Additionally, plaintiff incurred $556.50 in local counsel fees, in attempts to obtain discovery, and in making these motions. The total fees incurred as a result of defendant's willful and blatant refusal to participate in discovery is $4,613.00.

20.    Plaintiff National Fire hereby requests that the Court enter an Order imposing appropriate sanctions against defendant and defendant's counsel based upon their blatant and willful disregard for the discovery process, and for their refusal to comply with this Court's January 4, 2007 Order compelling discovery.

21.    Under these circumstances, appropriate sanctions include, but are not limited to: (1) striking defendant's answer and entering judgment in plaintiff's favor; (2) precluding

defendant's evidence at the time of trial; and (3) imposing costs and attorneys' fees against defendant in the amount of $4,613.00, for repeated telephone and written correspondence with attorney Howard, for the previously filed motion to compel discovery, and for the filing of this motion.

Dated: February 6, 2007

Lisa P. Joslin, Esq. *(pro hac vice)*
Deily, Mooney and Glastetter, LLP
Attorneys for Plaintiff National Fire
 & Marine Insurance Company
8 Thurlow Terrace
Albany, New York 12203
Tel: (518) 436-0344

Kristi J. Doughty, Esq. *(Local Counsel)*
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617

Sworn to before me this
 6 day of February, 2007

SUSAN G. FRASIER
Notary Public, State of New York
No. 01FR6006421
Qualified in Fulton County
Commission Expires May 4, 2010

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE INSURANCE          )
COMPANY,                                  )
                                          )          **Civil Action No.: 06-97 JJF**
                        Plaintiff,        )
                                          )
              -against-                   )
                                          )
ROBIN JAMES CONSTRUCTION, INC.,           )
                                          )
                        Defendant.        )

### <u>RULE 16 SCHEDULING ORDER</u>

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.**    The parties will exchange by April 17, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.      **Joinder of Other Parties.**    All motions to join other parties shall be filed on or before June 1, 2006.

3.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.  If the parties agree that they would benefit from a settlement conference, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court

4.      **Discovery.**

        (a)      Exchange and completion of interrogatories, identification of all fact

and document production shall be commenced so as to be completed by August 1, 2006.

      (b)     Maximum of twenty-five (25) interrogatories by each party to any other party.

      (c)     Maximum of forty (40) requests for admission by each party to any other party.

      (d)     Maximum of six (6) depositions by plaintiff and six (6) by defendant. Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) are completed.

      (e)     Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the plaintiff by October 1, 2006 from the defendant by November 1, 2006.

      (f)     Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties.

    5.    **Discovery Disputes.**

      (a)     A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed a total of four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

      (b)     All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

      (c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d)     Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)     There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6.     **Amendment of the Pleadings.**     All motions to amend the pleadings shall be filed on or before June 1, 2006.

7.     **Case Dispositive Motions.**     Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before December 1, 2006.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

8.     **Application by Motion.**

(a)     Any applications to the Court shall be by written motion filed with the Clark of the Court in compliance with the Federal Rules of Civil Proceudre and Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by D.D el. LR 7.1.1.  Briefs shall be limited to no more than ten (10) pages.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No facsimile transmissions will be accepted.

(c)     No telephone calls shall be made to Chambers.

(d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at:  jjf_civil@ded.uscourts.gov. The e-mail shall provide a short

statement describing the emergency.

      9.    **Pretrial Conference and Trial.**    After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

      The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

Dated: April 12, 2006

United States District Judge

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE INSURANCE  )
COMPANY,  )
  )  **Civil Action No.: 06-97**
    Plaintiff,  )
  )
   -against-  )
  )
ROBIN JAMES CONSTRUCTION, INC.,  )
  )
    Defendant.  )

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Plaintiff National Fire & Marine Insurance Company (hereinafter "plaintiff"), by and through its attorneys, Deily, Mooney and Glastetter, LLP, hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that defendant Robin James Construction, Inc. (hereinafter "Robin James") produce for inspection and/or copying each of the following documents, in accordance with said rules, at the law offices of Deily, Mooney & Glastetter, LLP, 8 Thurlow Terrace, Albany, New York 12203, within thirty (30) days after service hereof.

## <u>INSTRUCTIONS AND DEFINITIONS</u>

In producing the requested documents, please furnish all documents available to defendant, including documents in the possession of counsel, any investigators and all persons acting on defendants' behalf, with the exception of any documentation that defendant has received from plaintiff during the course of discovery in this litigation.

For each document responsive to this request withheld under the claim of privilege, the following information shall be provided:

1.    the nature of the privilege (including work product) which is being claimed and, if applicable, the state rule or law governing such claim;

2.    the identity of all persons who have or have had access, or purport to have or have had access, to said document;

3.    the type of document;

4.    the general subject matter of the document;

5.    the date of the document; and

6.    such other information as is sufficient to identify the document for a subpoena duces tecum including, where appropriate, the document author(s), addressee(s), and any other recipients shown in the document, and where not apparent, the relationship of the author(s) and recipients to each other.

All documents produced in response to this request shall be provided in their entirety, notwithstanding the fact that portions thereof may contain information not requested.  All interim as well as final versions of the document shall be produced, and all versions or copies that are not identical to the original or other produced copy of the document, whether due to handwritten notations, revision or otherwise, shall be produced.

If any requested document has been destroyed or discarded, or is no longer in existence, that document is to be identified by stating:

1.    the information called for in Instruction D above;

2.    its date of destruction or discard;

3.    the manner and reason for its destruction or discard; and

4.    the identity of the document's last custodian and of each person responsible for the document's destruction or unavailability.

Where anything has been deleted from a document produced:

1.      specify the nature of the material deleted;

2.      specify the reason for its deletion; and

3.      identify the person responsible for its deletion.

If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

The following rules of construction apply to all requests:

1.      The terms "all" and "each" shall be construed as all and each.

2.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

4.      The term "including" means including but not limited to.

The document requests which follow are to be considered as continuing, and defendant is requested to provide by way of supplementary responses thereto, such additional documents as it or any person acting on its behalf may hereafter obtain which relate to any of the requests for production contained herein.  Such supplementary responses should be served upon counsel for the plaintiff within twenty (20) days after defendant knows, or should know, of such information.

In producing the documents and items identified herein, the following definitions shall apply:

a)      "Document" includes, without limiting the generality of its meaning, all originals (or copies where originals are unavailable) of all written, printed, typewritten, computer-based, or otherwise recorded or graphic matter, however produced or reproduced, whether or not in

existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, counselings, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, electronic mail or other computer developed, stored or produced data, stenographer's notes and/or the notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

b)      If any document requested to be produced was, but is no longer in the defendant's possession or control, or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; (4) otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

c)      "Termination" means any separation from employment, whether voluntary or involuntary, permanent or temporary, including but not limited to, discharge, layoff, resignation, leave of absence, or mutually agreed upon separation, but excludes approved vacations, sick days or holidays.

d)      Any and  all descriptions of documents provided hereinafter are illustrative only and do not limit the request to those particular documents, as if it were explicitly noted that such

request was not "limited to" the stated examples.

e)    "Personnel record" means all documents kept by you that refer to a particular employee, including but not limited to all personnel records, medical records and discipline records, and all other documents kept by you that are used or have been used, or may affect or be used relative to a particular employee's qualifications for employment, promotion, transfer, demotion, termination, additional compensation or disciplinary action, as well as internal and confidential documents referring to such employee.

Questions regarding the interpretation of these Requests for Discovery and Inspection should be resolved in favor of the broadest possible construction.

## DOCUMENTS TO BE PRODUCED

1.    All documents filed with any state or other governmental regulatory agency related to the incorporation of Robin James.

2.    The articles of incorporation for Robin James.

3.    The by-laws of Robin James.

4.    Any and all documents identifying the officers and directors of Robin James.

5.    All correspondence between the parties and/or other documents concerning or in relation to Policy No. 72LPE681493, pertaining to the year 2002-2003

6.    All correspondence between the parties and/or other documents concerning or in relation to Policy No. 72LPE690418, pertaining to the year 2003-2004.

7.    All correspondence between the parties and/or other documents concerning or in relation to Policy No. 72LPE689115, pertaining to the year 2004-2005.

8.    Any and all written contracts with Robin James' customers.

9.    Any and all written contracts with Robin James' vendors.

10.    Any and all written contracts with Robin James' subcontractors.

11.    Any and all schedules, lists or compilations of work engaged in and/or completed during the period September 2002 through September 2003..

12.    Any and all schedules, lists or compilations of work engaged in and/or completed during the period September 2003 through September 2004.

13.    Any and all schedules, lists or compilations of work engaged in and/or completed during the period September 2004 through September 2005.

14.    All statements and memos relating to witnesses, potential witnesses or other persons contacted in connection with this case.

15.    All documents reflecting Robin James' assets, liabilities and net worth, relating or pertaining to the years 2002-2005.

16.    All financial statements, including profit and loss statements, balance sheets and cost reports pertaining to the years 2002 through 2005.

17.    All subcontractor Certificates of Insurance pertaining to the years 2002 through 2005.

18.    All state and federal tax returns filed by defendant pertaining to the years 2002 through 2005.

19.    All Quarterly 941 Reports filed by defendant pertaining to the years 2002 through 2005.

20.    All Quarterly State Unemployment Reports filed by defendant pertaining to the years 2002 through 2005.

21.    Any and all documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

22.    To the extent not provided above, any and all documents in possession of the defendant relating or pertaining to plaintiff's claims or defendant's defense in this matter.

Dated:        June 5, 2006

Lisa F. Joslin, Esq.
Deily, Mooney and Glastetter, LLP
8 Thurlow Terrace
Albany, NY 12203
Tel:  (518) 436-0344

TO:    Eric C. Howard, Esq.
       Wilson, Halbrook & Bayard
       107 West Market Street
       P.O. Box 690
       Georgetown, DE 19947

**EXHIBIT C**

## DEILY, MOONEY & GLASTETTER, LLP

### Attorneys at Law

- Jonathan D. Deily
- Martin A. Mooney
- †Mark D. Glastetter
- John Monterisi, Jr.
- ° F. Matthew Jackson
- ◊ Joann Sternheimer

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

°• Richard C. Maider
Lisa Ferro Joslin
Leigh A. Hoffman
°◊~ Linda S. Fossi
• Bonnie S. Baker
Mark D. Nizer
•# Douglas J. Rose
°◊~ Brian E. Caine

~ Not admitted in New York
• Admitted in Massachusetts
† Admitted in Kentucky
· Admitted in Washington D.C.
° Admitted in Pennsylvania
◊ Admitted in New Jersey
# Admitted in Rhode Island

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts  02446
Tel: (617) 739-4224, Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East - Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

May 23, 2006

Eric C. Howard, Esq.
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, Delaware  19947

**Re: National Fire & Marine Insurance Co. v. Robin James Construction Inc.**
**Case No. 06-097 JJE**
**Our File No. L-NATLFIRE.05.02962**

Dear Mr. Howard:

Please be advised that this office has still not received your Rule 26A Initial Disclosures in the above-referenced matter, which were due on April 17, 2006.

Please forward these disclosures to my attention immediately.  Thank you.

Very truly yours,

DEILY, MOONEY & GLASTETTER, LLP

Lisa F. Joslin

LFJ/je

# DEILY, MOONEY & GLASTETTER, LLP
### Attorneys at Law

- Jonathan D. Deily
- Martin A. Mooney
- † Mark D. Glastetter
- John Monterisi, Jr.
- ° F. Matthew Jackson
- ◊ Joann Sternheimer

---

- ~ Not admitted in New York
- Admitted in Massachusetts
- † Admitted in Kentucky
- ° Admitted in Washington D.C.
- Admitted in Pennsylvania
- ◊ Admitted in New Jersey
- # Admitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

---

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts 02446
Tel: (617) 739-4224; Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East - Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

- °° Richard C. Maider
- Lisa Ferro Joslin
- Leigh A. Hoffman
- °◊~ Linda S. Fossi
- Bonnie S. Baker
- Mark D. Nizer
- *# Douglas J. Rose
- °◊~ Brian E. Caine

June 05, 2006

Eric C. Howard, Esq.
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, Delaware 19947

Re: **National Fire & Marine Insurance Co. v. Robin James Construction Inc.**
**Our File No. L-NATLFIRE.05.02962**

Dear Mr. Howard:

Enclosed for service upon you please find Plaintiff's First Request for Production of Documents with regard to the above-referenced matter.

Thank you.

Very truly yours,

DEILY, MOONEY & GLASTETTER, LLP

Lisa F. Joslin

LFJ/je
Enclosure

# DEILY, MOONEY & GLASTETTER, LLP
### Attorneys at Law

- Jonathan D. Deily
- Martin A. Mooney
- *† Mark D. Glastetter
- John Monterisi, Jr.
- ◦ F. Matthew Jackson
- ◇ Joann Sternheimer

—————————

~ Not admitted in New York
* Admitted in Massachusetts
† Admitted in Kentucky
- Admitted in Washington D.C.
◦ Admitted in Pennsylvania
◇ Admitted in New Jersey
# Admitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

—————————

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts  02446
Tel: (617) 739-4224; Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East - Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

◦* Richard C. Maider
Lisa Ferro Joslin
Leigh A. Hoffman
◦~ Linda S. Fossi
* Bonnie S. Baker
Mark D. Nizer
*# Douglas J. Rose
◦◇~ Brian E. Caine

June 05, 2006

*Via Facsimile*
Eric C. Howard, Esq.
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, Delaware  19947

**Re:  National Fire & Marine Insurance Co. v. Robin James Construction Inc.**
**Our File No. L-NATLFIRE.05.02962**

Dear Mr. Howard:

Please advise immediately when I can expect to receive your client's Rule 26A Initial Disclosures in the above-referenced matter.

As you are aware, they were due on or before April 17, 2006 and despite my May 23, 2006 letter seeking this discovery, I still have not received them.  Your continued failure to obey Paragraph 1 of the Rule 16 Scheduling Order will result in an appropriate motion pursuant to Paragraph 5.  It is my hope that we can resolve these issues prior to seeking Court intervention.

If I do hear from you by end of business on June 7, 2006, we will entertain the appropriate measures to obtain this information.

Thank you.

Very truly yours,

DEILY, MOONEY & GLASTETTER, LLP

Lisa F. Joslin

LFJ/je
Enclosure
cc:   Richard Becker, Esq.  (Via Facsimile)
      Denise Davis, Esq.  (Via Electronic Mail)

```
*********************
***   TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO                1992
RECIPIENT ADDRESS       13028567116
DESTINATION ID
ST. TIME                06/05 15:35
TIME USE                00'24
PAGES SENT              2
RESULT                  OK
```

# DEILY, MOONEY & GLASTETTER, LLP

### Attorneys at Law

athan D. Deily
rtin A. Mooney
rk D. Glastetter
n Monterisi, Jr
Matthew Jackson
nn Sternheimer

t admitted in New York
mitted in Massachusetts
mitted in Kentucky
mitted in Washington D.C.
mitted in Pennsylvania
mitted in New Jersey
mitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

Massachusetts/New Jersey Offices.
1330 Beacon Street, Suite 311, Brookline, Massachusetts 02446
Tel: (617) 730-4224; Fax (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East - Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555, Fax (856) 596-1923

**      Richard C Maides
          Lisa Ferro Joslin
          Leigh A. Hoffman
*0~   Linda S. Fossi
*       Bonnie S. Baker
          Mark D. Niger
*#      Douglas J. Rose
*0~   Brian E. Caine

## FACSIMILE COVER SHEET

NUMBER OF PAGES (INCLUDING COVER SHEET) _____ 2 _____

IF PROBLEMS ARISE WITH RECEIPT OF THIS TRANSACTION, PLEASE CONTACT _____ AT (518) 436-0344

TO: **Eric Howard**

FROM: **Lisa Joslin**

FAX NO.: **(302) 856-7116**

DATE: **June 5, 2006**

MESSAGE RE: _____  OUR FILE NO. _____

THE ORIGINAL OF THE TRANSMITTED DOCUMENT WILL BE SENT VIA

( )    FIRST CLASS MAIL            ( )    THIS WILL BE THE ONLY FORM OF DELIVERY OF THE
                                                   TRANSMITTED DOCUMENT

( )    MESSENGER

                                           ( )    PLEASE CONFIRM RECEIPT

( )    OVERNIGHT COURIER

CONFIDENTIALITY NOTICE

# DEILY, MOONEY & GLASTETTER, LLP
### Attorneys at Law

* Jonathan D. Deily
* Martin A. Mooney
*† Mark D. Glastetter
* John Monterisi, Jr.
·° F. Matthew Jackson
◊ Joann Sternheimer

~ Not admitted in New York
* Admitted in Massachusetts
† Admitted in Kentucky
· Admitted in Washington D.C.
° Admitted in Pennsylvania
◊ Admitted in New Jersey
# Admitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts  02446
Tel: (617) 739-4224; Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East - Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

°* Richard C. Maider
Lisa Ferro Joslin
Leigh A. Hoffman
°◊~ Linda S. Fossi
* Bonnie S. Baker
Mark D. Nizer
*# Douglas J. Rose
°◊~ Brian E. Caine

July 6, 2006

*Via Facsimile*
Eric C. Howard, Esq.
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, Delaware  19947

**Re:   National Fire & Marine Insurance Co. v. Robin James Construction Inc.
Our File No. L-NATLFIRE.05.02962**

Dear Mr. Howard:

Please advise immediately when I can expect to receive your response to Plaintiff's First Request for Production of Documents in the above-referenced matter, which were due on July 5, 2006.

Thank you.

Very truly yours,

DEILY, MOONEY & GLASTETTER, LLP

Lisa F. Joslin

LFJ/je

```
************************
***   TX REPORT   ***
************************


TRANSMISSION OK

TX/RX NO              2145
RECIPIENT ADDRESS     13028567116
DESTINATION ID
ST. TIME              07/06 09:28
TIME USE             00'24
PAGES SENT            2
RESULT               OK
```

# DEILY, MOONEY & GLASTETTER, LLP

### Attorneys at Law

▲ Jonathan D. Deily
▬ Martin A. Mooney
†▪ Mark D. Glastetter
▪ John Monterisi, Jr.
·◦ F. Matthew Jackson
◇ Joann Sternheimer

---

~ Not admitted in New York
▪ Admitted in Massachusetts
† Admitted in Kentucky
· Admitted in Washington D.C.
◦ Admitted in Pennsylvania
◇ Admitted in New Jersey
# Admitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts 02446
Tel: (617) 739-4224; Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East - Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

□▪ Richard C. Maider
    Lisa Ferro Joslin
    Leigh A. Hoffman
·◇~ Linda S. Fossi
▪ Bonnie S. Baker
    Mark D. Nixer
▪# Douglas J. Rose
·◇~ Brian E. Caine

---

### **FACSIMILE COVER SHEET**

NUMBER OF PAGES (INCLUDING COVER SHEET) _____2_____

IF PROBLEMS ARISE WITH RECEIPT OF THIS TRANSACTION, PLEASE CONTACT__Jennifer____ AT (518) 436-0344

**TO:**      **Eric C. Howard**

**FROM:**     **Lisa F. Joslin**

**FAX NO.:**    **(302) 856-7116**

**DATE:**      **July 6, 2006**

**MESSAGE RE:** _____     OUR FILE NO. **L-NATLFIRE.05.02962**

---

THE ORIGINAL OF THE TRANSMITTED DOCUMENT WILL BE SENT VIA:

( )    FIRST CLASS MAIL           ( )    THIS WILL BE THE ONLY FORM OF DELIVERY OF THE
                                      TRANSMITTED DOCUMENT

( )    MESSENGER

( )    OVERNIGHT COURIER         ( )    PLEASE CONFIRM RECEIPT

## Joslin, Lisa F., Esq.

| | |
|---|---|
| **From:** | Lisa F. Joslin |
| **Sent:** | 09/18/2006 1:50 PM |
| **To:** | echoward@whblaw.com |
| CC: | |
| BCC: | |
| **Attachments:** | \\FS01\USERDATA\PMDOCS\GENERAL\L-NATLFIRE\05.02962\LFJ\684500.doc |
| **Priority:** | Normal |
| **Request:** | None |
| **Security:** | Normal |
| **Deliver After** | 0  days(s) |
| **Subject:** | Robin James Construction |

Eric,
Here are the demands I referenced in our conversation. Thank you.
Lisa

Lisa F. Joslin, Esq.
Deily, Mooney & Glastetter, LLP
8 Thurlow Terrace
Albany, New York 12203
(518) 436-0344
fax: (518) 436-8273
http://www.deilylawfirm.com.
ljoslin@deilylawfirm.com

Confidentiality Statement:

"The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 518-436-0344 and return the original message to us at Deily, Mooney & Glastetter, LLP, 8 Thurlow Terrace, Albany, NY 12203 via the United States Postal Service or at lawyers@deilylawfirm.com."

## DEILY, MOONEY & GLASTETTER, LLP

### Attorneys at Law

· Jonathan D. Deily
· Martin A. Mooney
·† Mark D. Glastetter
· John Monterisi, Jr.
·° F. Matthew Jackson
◊ Joann Sternheimer

~ Not admitted in New York
· Admitted in Massachusetts
† Admitted in Kentucky
· Admitted in Washington D.C.
° Admitted in Pennsylvania
◊ Admitted in New Jersey
# Admitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts 02446
Tel. (617) 739-4224; Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East · Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

°• Richard C. Maider
   Lisa Ferro Joslin
   Leigh A. Hoffman
°◊~ Linda S. Fossi
·   Bonnie S. Baker
   Mark D. Nizer
·# Douglas J. Rose
°◊~ Brian E. Caine

October 18, 2006

**VIA FACSIMILE**
**AND FIRST CLASS MAIL**

Eric C. Howard, Esq.
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, Delaware  19947

    **Re:  National Fire & Marine Insurance Co. v. Robin James Construction Inc.**
        **Our File No. L-NATLFIRE.05.02962**

Dear Mr. Howard:

    I write concerning your repeated failure to answer plaintiff's discovery demands in the above-referenced matter.  This will constitute plaintiff's final attempt to resolve this issue prior to seeking Court intervention.

    As you know, plaintiff's First Request for Production of Documents was served on June 5, 2006.  Your client's responses were due on July 5, 2006.  As you also are aware, the deadline for completion of discovery has passed.  Because defendant never served discovery demands on the plaintiff, we are left to assume that you have little intention of defending this case.

    Despite numerous telephone calls, and your repeated promises to provide responses to plaintiff's demands, we have received nothing.  Further, my last phone call to you went unanswered.  If I do not receive responses to these demands by end of business on Friday, October 20, 2006, we will move for sanctions and for summary judgment.

    Very truly yours,

    DEILY, MOONEY & GLASTETTER, LLP

    Lisa F. Joslin

LFJ/je

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO                2650
RECIPIENT ADDRESS       913028567116
DESTINATION ID
ST. TIME                10/18 16:37
TIME USE                00'29
PAGES SENT                  2
RESULT                  OK
```

# DEILY, MOONEY & GLASTETTER, LLP

### Attorneys at Law

* Jonathan D. Deily
* Martin A. Mooney
†◇ Mark D. Glastetter
* John Monterisi, Jr.
◇ F. Matthew Jackson
◇ Joann Sternheimer

— Not admitted in New York
* Admitted in Massachusetts
† Admitted in Kentucky
* Admitted in Washington D.C.
* Admitted in Pennsylvania
◇ Admitted in New Jersey
# Admitted in Rhode Island

8 Thurlow Terrace
Albany, New York 12203
Telephone (518) 436-0344
Facsimile (518) 436-8273
lawyers@deilylawfirm.com
http://www.deilylawfirm.com

** Richard C. Meider
   Lisa Ferro Joslin
   Leigh A. Hoffman
*◇~ Linda S. Fossi
*  Bonnie S. Baker
   Mark D. Nizer
*# Douglas J. Rose
*◇~ Brian E. Caine

Massachusetts/New Jersey Offices:
1330 Beacon Street, Suite 311, Brookline, Massachusetts 02446
Tel: (617) 739-4224; Fax: (617) 738-9497
One Greentree Centre, 10000 Lincoln Drive East • Suite 201, Marlton, NJ 08053
Tel: (856) 988-5555; Fax: (856) 596-1923

## FACSIMILE COVER SHEET

NUMBER OF PAGES (INCLUDING COVER SHEET) _____

IF PROBLEMS ARISE WITH RECEIPT OF THIS TRANSACTION, PLEASE CONTACT_____ AT (518) 436-0344

**TO:**        **Eric C. Howard**

**FROM:**      **Lisa F. Joslin**

**FAX NO.:**   **(302) 856-7116**

**DATE:**      **October 18, 2006**

**MESSAGE RE:** _____        **OUR FILE NO.  L-NATLFIRE.05.02962**

THE ORIGINAL OF THE TRANSMITTED DOCUMENT WILL BE SENT VIA:

( )   FIRST CLASS MAIL                    ( )   THIS WILL BE THE ONLY FORM OF DELIVERY OF THE
                                                TRANSMITTED DOCUMENT
( )   MESSENGER
                                          ( )   PLEASE CONFIRM RECEIPT
( )   OVERNIGHT COURIER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| NATIONAL FIRE & MARINE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|      Plaintiff, | ) C.A. No.: 06-97 |
| | ) |
| v. | ) |
| | ) |
| ROBIN JAMES CONSTRUCTION, INC. | ) |
| | ) |
|      Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S**
**RENEWED MOTION TO STRIKE DEFENDANT'S ANSWER,**
**ENTER JUDGMENT IN FAVOR OF PLAINTIFF AND**
**FOR SANCTIONS**

Upon consideration of the Plaintiff's Renewed Motion to Strike Defendant's

Answer, Enter Judgment in Favor of Plaintiff and for Sanction, and any opposition

thereto, and for good cause shown

IT IS HEREBY ORDERED that:

1. Plaintiff is awarded reasonable expenses and attorney's fees in the amount of

$_____$ to be paid by $_____$ in connection with the filing of

this previously filed motion to compel disclosures, the instant motion for

sanctions, and counsel's repeated efforts through telephone calls and

correspondence to obtain disclosure and production of documents prior to the

filing of this motion; and

2. Defendant's Answer is hereby stricken and judgment entered in favor of Plaintiff in the amount of $230,659.74, plus pre-judgment interest pursuant to 6 Del. C. § 2301 at a rate of 5% over the Federal Reserve discount rate.

_____
HONORABLE JOSEPH L. FARNAN

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE INSURANCE    )
COMPANY,    )
    )    **Civil Action No.: 06-97**
                                Plaintiff,    )
    )
        -against-    )
    )
ROBIN JAMES CONSTRUCTION, INC.,    )
    )
                                Defendant.    )


## CERTIFICATION OF COMPLIANCE
### WITH MEET AND CONFER REQUIREMENT


I, Lisa F. Joslin, Esq., state that I am the attorney for the moving party in this matter. Prior to filing this motion, I have attempted to confer in good faith with my opponent, attorney Eric Howard, to resolve this matter without the filing of this motion. In particular, I corresponded in writing with defense counsel on May 23, 2006, June 5, 2006, July 6, 2006, September 18, 2006 and October 19, 2006, and communicated by telephone with defense counsel on September 13, 2006, September 18, 2006, September 26, 2006 and October 6, 2006. I certify to the court that these facts are true under penalty of perjury, and if called as a witness to testify in this manner, I could and would competently testify to each of these facts.


Dated: February 6, 2007

Lisa F. Joslin, Esq. *(pro hac vice)*
Deily, Mooney and Glastetter, LLP
Attorneys for Plaintiff National Fire &
   Marine Insurance Company
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344


783064

Kristi J. Doughty, Esq. (*Local Counsel*)
Whittington & Ahlgur
Odessa Professional Park, Suite 110
313 North Dupont Highway
P.O. Box 617
Odessa, DE 19730-0617