```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

NATIONAL FIRE & MARINE           :
INSURANCE COMPANY,               :
                                 :
        Plaintiff,               :
                                 :
     v.                          : Civil Action No. 06-97-JJF
                                 :
ROBIN JAMES CONSTRUCTION, INC.,  :
                                 :
        Defendant.               :
```

Kristi J. Doughty, Esquire of WHITTINGTON & AULGUR, Odessa, Delaware.
Lisa F. Joslin, Esquire of DEILY, MOONEY AND GLASTETTER, LLP, Albany, New York.
Attorneys for Plaintiff.

Eric C. Howard, Esquire of WILSON, HALBROOK & BAYARD, Georgetown, Delaware.
Attorney for Defendant.

## MEMORANDUM OPINION

March 22, 2007
Wilmington, Delaware

*/s/ Joseph J. Farnan Jr.*
Farnan, District Judge

Pending before the Court is Plaintiff's Motion For Summary Judgment (D.I. 16) and Plaintiff's Renewed Motion For Sanctions (D.I. 25). For the reasons discussed, the Motions will be granted.

## I.    BACKGROUND

On February 13, 2006, Plaintiff filed its Complaint alleging breach of contract claims and requesting an award of compensatory damages in the amount of $230,659.74. Plaintiff alleges that Defendant failed and refused to pay outstanding insurance premiums under three separate commercial general liability insurance policies.

On November 17, 2006, Plaintiff filed a Motion To Compel Disclosure And Production Of Documents, And For Sanctions (D.I. 14) requesting an order compelling Defendant to serve its initial disclosures and respond to the Plaintiff's First Request for Production of Documents. Defendant did not file a response to the Motion To Compel. On January 4, 2007, the Court granted Plaintiff's Motion but denied the request for sanctions and ordered the Defendant to file its initial disclosures (D.I. 22). Plaintiff alleges that Defendant did not comply with the Court's Order.

On December 1, 2006, Plaintiff filed a Motion For Summary Judgment (D.I. 16). By its Motion, Plaintiff contends that the

1

Court should grant summary adjudication on its breach of contract claims because Defendant cannot offer any evidence that would establish a genuine issue of material fact for trial. On January 11, 2007, the Court ordered Defendant to file an answering brief to Plaintiff's Motion by January 19, 2007 (D.I. 23). Defendant did not comply with the Court's Order and, to date, Defendant has not filed a response to Plaintiff's Motion For Summary Judgment.

On February 6, 2007, Plaintiff filed a Renewed Motion For Sanctions (D.I. 25) requesting an award of reasonable expenses and attorney's fees incurred in connection with Plaintiff's efforts to obtain discovery in the amount of $4,613.00.

## II. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the

2

evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catreet, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of his case for which he bears the burden of proof, the moving party is entitled to judgment as a matter of law. Id. at 322. Moreover, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## III. DISCUSSION

### A. Motion For Summary Judgment

In order to establish a claim for breach of contract under Delaware law, the plaintiff must establish: "first, the existence of a contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003); HSMY, Inc. v. Getty Petroleum

Mktg., 417 F.Supp.2d 617, 620 (D. Del. 2006). According to Plaintiff's Complaint, sometime in 2002, Defendant contracted with the Plaintiff for a general liability insurance policy. Defendant agreed to pay an advance premium amount as well as any additional premiums determined by an audit at the conclusion of the coverage period. In exchange, Plaintiff agreed to provide Defendant with valid insurance coverage. Plaintiff alleges that Defendant failed to pay the additional premiums due after an audit was conducted. In or around 2003 and 2004, Plaintiff alleges that Defendant renewed its insurance policy with the Plaintiff, again agreeing to pay any additional premiums indicated by an audit to be conducted at the conclusion of the coverage period. Although Plaintiff provided insurance coverage, Defendant did not pay the additional premiums due. Plaintiff further alleges that, upon the cancellation of Defendant's insurance policy, effective November 30, 2004, Defendant failed to pay premiums due after a final audit was conducted.

The Court concludes that summary judgment is warranted because Plaintiff has set forth evidence indicating that there is a lack of genuine issue of material fact for trial. Defendant has not set forth any facts showing there is a genuine issue for trial because it has not responded to the summary judgment motion. The Defendant bears the burden to adduce "more than a mere scintilla of evidence in its favor," and here, the Defendant

4

has not done so.  Thus, the Court must accept the facts as alleged by Plaintiff and conclude that Defendant breached its contract with Plaintiff.  Accordingly, the Court will grant Plaintiff's Motion For Summary Judgment (D.I. 16).

  B. <u>Renewed Motion For Sanctions</u>

  Under Fed. R. Civ. P. 37(b)(2), the court may impose sanctions on a party which fails to obey a court's order to provide discovery.  Sanctions include requiring the party to pay the reasonable expenses, including attorney's fees, caused by the failure to comply with the order.  The Court finds that Defendant has failed to participate in the discovery process in violation of several Orders of the Court, including the Rule 16 Scheduling Order (D.I. 8), the Order granting Plaintiff's Motion To Compel (D.I. 22), and the Order that Defendant file an answer brief in response to Plaintiff's Motion For Summary Judgment (D.I. 23).  The Court further finds that, despite ample opportunity, Defendant has offered nothing to justify the failure to participate in the discovery process or otherwise explain any circumstances that would make an award of reasonable expenses unjust.  Additionally, the Court finds that Plaintiff's request for expenses and attorney's fees is reasonable in light of the repeated attempts of Plaintiff's counsel to obtain discovery from Defendant's counsel prior to and in addition to seeking the Court's intervention. (D.I. 25, Affidavit of Lisa F. Joslin).

Thus, the Court concludes that, under the circumstances, the imposition of sanctions is appropriate and Plaintiff's request for expenses and attorney's fees in the amount of $4,613.00 is reasonable. Accordingly, the Court will grant Plaintiff's Motion For Sanctions (D.I. 25).

## IV. CONCLUSION

For the reasons discussed, Plaintiff's Motion For Summary Judgment (D.I. 16) and Renewed Motion For Sanctions (D.I. 25) will be granted.

An appropriate Order will be entered.